# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXANDRA GAL,**

        **Plaintiff,**

**v.**                                                     **Case No:   6:17-cv-1647-Orl-37GJK**

**ASSER, INC. and HISHAM AFEEF ALKHANDAQGI,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE OR IN THE ALTERNATIVE MOTION TO DISMISS WITH PREJUDICE COUNTERCLAIM FILED BY DEFENDANTS (Doc. No. 17)** |
| **FILED:** | **October 18, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART.**

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FILED BY DEFENDANTS (Doc. No. 18)** |
| **FILED:** | **October 18, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART.**

## I. FACTUAL BACKGROUND

On September 18, 2017, Plaintiff filed a complaint (the "Complaint") against Defendants alleging unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and under Florida common law. Doc. No. 1 at 4-6. The following is taken from the Complaint. Defendant Asser, Inc. ("Asser") is a Florida corporation that operates a hookah lounge. *Id.* at 2. Defendant Hisham Alkhandaqgi is an agent for Asser and, during all times material to the case, was substantially in control of the terms and conditions of Plaintiff's employment. *Id.* at 2-3.

On October 11, 2017, Mr. Alkhandaqgi, proceeding *pro se*, filed a responsive pleading on behalf of himself and what appears to be Asser. Doc. No. 12 at 1-4. Paragraphs one through twenty-eight of the responsive pleading respond to the Complaint's allegations (the "Response"). *Id.* at ¶¶ 1-28. Paragraphs twenty-nine through thirty-five appear to assert affirmative defenses (the "Affirmative Defenses"). *Id.* at ¶¶ 29-35. Paragraphs thirty-six and thirty-seven appear to allege a counterclaim for defamation (the "Counterclaim"). *Id.* at ¶¶ 36-37. Mr. Alkhandaqgi also attaches a number of exhibits. Doc. No. 12-1.

On October 18, 2017, Plaintiff filed two separate motions to strike. Doc. Nos. 17, 18. In her first motion to strike (the "First Motion to Strike"), Plaintiff requests that the Court strike the Counterclaim or, in the alternative, dismiss the Counterclaim with prejudice. Doc. No. 17 at 7. Plaintiff argues that the FLSA "does not contemplate an independent action by an employer to set off any wages owed to the employee." *Id.* at 2. Plaintiff also argues that her wages "must be made free and clear," and thus, Defendants are prohibited from asserting a counterclaim for damages. *Id.* at 2.

In her second motion to strike (the "Second Motion to Strike"), Plaintiff requests that the Court strike paragraphs thirty through thirty-five of the Affirmative Defenses. Doc. No. 18 at 5.

First, Plaintiff argues that paragraphs thirty, thirty-one, and thirty-three of the Affirmative Defenses are mere denials of allegations previously denied and represent irrelevant information that prejudices her. *Id.* Second, Plaintiff argues that paragraphs thirty-two and thirty-four of the Affirmative Defenses also represent irrelevant information that prejudices her. *Id.* Finally, Plaintiff argues that paragraph thirty-five of the Affirmative Defenses is a mere denial of allegations previously denied. *Id.* Defendants never filed a response to any of the motions to strike, and thus, they are unopposed.

On December 20, 2017, the Court, noting that Asser cannot proceed without an attorney, issued an order striking the Response, the Affirmative Defenses, and the Counterclaim as to Asser. Doc. No. 23. The Court also gave Asser twenty-one days to obtain legal counsel and have such counsel file a notice of appearance in this case. *Id.* at 3. Because Asser's responsive pleading is stricken in its entirety, this report and recommendation will only address the First and Second Motion to Strike as to Mr. Alkhandaqgi individually.

## II.   ANALYSIS

### A.  The First Motion to Strike

In the First Motion to Strike, Plaintiff requests that the Court strike the Counterclaim or, in the alternative, dismiss the Counterclaim with prejudice. Doc. No. 17 at 7. Plaintiff's only argument in the First Motion to Strike is that the FLSA "does not contemplate an independent action by an employer to set off any wages owed to the employee," and thus, Mr. Alkhandaqgi should be prohibited from asserting a counterclaim for damages. *Id.* at 2.

The Court's supplemental jurisdiction allows it to have "jurisdiction over all other claims that are so related to claims in the action … that they form part of the same case or controversy …" 28 U.S.C. § 1367(a). The Eleventh Circuit has held that it is "hesitant to allow employers to

assert state-law counterclaims against employees in FLSA cases." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016) (citing authority). As a result, when a state law counterclaim is asserted in an FLSA unpaid wages case, courts within the Eleventh Circuit have limited their exercise of supplemental jurisdiction over such counterclaims to instances when the counterclaim encompasses elements of the plaintiff's original FLSA claim. *Perez v. Elite Imaging, LLC*, No. 16-CV-24555-HUCK, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (citing authority). Courts taking such action recognize that recovery on a state law counterclaim in an FLSA wage case would act as a setoff, causing "plaintiff's wages to fall below the statutory minimum, and [depriving] the plaintiff of the 'cash in hand' contemplated by the FLSA." *Id.* (citations omitted).

Here, Mr. Alkhandaqgi alleges a claim for defamation which does not relate to the payment or non-payment of wages. Doc. No. 12 at ¶¶ 36-37. The facts alleged in the Counterclaim do not relate to the facts alleged in the Complaint, and the claim asserted does not encompass elements of Plaintiff's FLSA or common law unpaid wages claims. *Id.;* Doc. No. 1. Thus, Plaintiff's FLSA claim and Mr. Alkhandaqgi's defamation claim are not "so related … that they form part of the same case or controversy." 28 U.S.C. § 1367(a).[1] Accordingly, it is recommended that the Court: 1) grant the First Motion to Strike in part; 2) decline to exercise supplemental jurisdiction over the Counterclaim; and 3) dismiss the Counterclaim without prejudice.

---

[1] Mr. Alkhandaqgi did not request any relief in the Counterclaim. Doc. No. 12 at ¶¶ 36-37. The Court, however, finds that any damages awarded under the Counterclaim will necessarily reduce Plaintiff's FLSA recovery if both claims are successful. *See Perez,* 2017 WL 666108, at * 4 (denying leave to file counterclaim in FLSA wages case despite counterclaimant's assertion that "there is no allegation that [it] is seeking to reduce the cash in hand [the plaintiff] received in the past, or which he may receive as minimum wages from the FLSA claims").

### B. The Second Motion to Strike

In the Second Motion to Strike, Plaintiff requests that the Court strike paragraphs thirty through thirty-five of the Affirmative Defenses. Doc. No. 18 at 5. First, Plaintiff argues that paragraphs thirty, thirty-one, and thirty-three of the Affirmative Defenses are mere denials of allegations previously denied and represent irrelevant information that prejudices her. *Id.* Second, Plaintiff argues that paragraphs thirty-two and thirty-four of the Affirmative Defenses also represent irrelevant information that prejudices her. *Id.* Finally, Plaintiff argues that paragraph thirty-five of the Affirmative Defenses is a mere denial of allegations previously denied. *Id.*

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored due to their drastic nature. *Thompson v. Kindred Nursing Ctrs., East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).[2] As such, courts will only strike affirmative defenses in limited situations, such as when an affirmative defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense may also be stricken if it has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995).

After reviewing the Affirmative Defenses, the undersigned finds that paragraphs thirty, thirty-one, thirty-two, and thirty-three should be stricken because the representations stated therein prejudice Plaintiff. Doc. No. 12 at ¶¶ 30-33. Such representations are not specific denials of the Complaint's allegations. *Id.* Instead, Mr. Alkhandaqgi presents: 1) his beliefs regarding Plaintiff's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

motives in bringing this suit; and 2) representations regarding Plaintiff's behavior at work. *Id.* The undersigned also finds that paragraph thirty-four of the Affirmative Defenses should be stricken because it merely states reasons why Mr. Alkhandaqgi is proceeding *pro se*. *Id.* at ¶ 34. The representations stated in the aforementioned paragraph do not relate to the facts stated in the Complaint, and thus, the undersigned finds that they have "no possible relationship to the controversy." *Id.* Accordingly, it is recommended that the Court grant the Second Motion to Strike in part and strike paragraphs thirty through thirty-four of the Affirmative Defenses.

The undersigned finds paragraph thirty-five of the Affirmative Defenses to be a specific denial. Doc. No. 12 at ¶ 35. Construing the Affirmative Defenses liberally, the undersigned reads paragraph thirty-five as stating that Plaintiff was paid her full wages under the FLSA.[3] *Id.* Thus, paragraph thirty-five is not a true affirmative defense, but rather a specific denial of Plaintiff's allegation that she was not paid her full wages. *Id.* When the Court finds that an affirmative defense is actually a specific denial, the Court will generally treat the affirmative defense as a specific denial rather than striking it. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, Case No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008). Accordingly, it is recommended that the Court decline to strike paragraph thirty-five of the Affirmative Defenses.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT IN PART** and **DENY IN PART** the First Motion to Strike (Doc. No. 17); and

---

[3] Documents filed by *pro se* parties "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct 2197, 2200, 167 L.Ed.2d 1081 (2007).

a) **DECLINE** to retain supplemental jurisdiction over the Counterclaim (Doc. No. 12 at ¶¶ 36-37) and **DISMISS** the Counterclaim without prejudice; and

b) Otherwise, **DENY** the First Motion to Strike; and

2) **GRANT IN PART** and **DENY IN PART** the Second Motion to Strike (Doc. No. 18); and

a) **STRIKE** paragraphs thirty through thirty-four of the Affirmative Defenses (Doc. No. 12 at ¶¶ 30-34); and

b) Otherwise, the **DENY** the Second Motion to Strike.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 20, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy